PER CURIAM.
Appellant challenges the order terminating her parental rights to S.K.B. Appellee properly and commendably concedes that the evidence was insufficient to support a finding of egregiousness as required by section 39.806(l)(f), Florida Statutes (2012). The evidence was also insufficient to support a finding that the continuing involvement of Appellant in the parent-child relationship threatened the life, safety, well-being, or physical, mental or emotional health of the child, irrespective of the provision of services, where no case plan had been offered and the psychologist testified that “she can benefit from psychotherapy.” See J.B. v. Dep’t of Children & Families, 107 So.3d 1196, 1203 (Fla. 1st DCA 2013) (reversing termination of parental rights based on past difficulties in maintaining stable housing despite parents’ current stable housing status and landlord’s testimony that he would work with parents if rent payments were delayed). Finally, the evidence failed to support a finding that termination was the least restrictive means to protect the child. Padgett v. Dep’t of Health & Rehabilitative Servs., 577 So.2d 565, 571 (Fla.1991). Accordingly, we reverse the order that terminates Appellant’s parental rights.
The challenged order adjudicated the child dependent and terminated Appellant’s parental rights. We affirm the adjudication of dependency, as that was not challenged.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
ORFINGER, C.J., GRIFFIN and TORPY, JJ., concur.